RECEIVED

2017 SEP 29. A 10: 30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

AO 241
(Rev. 12/04)                                                                                          Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | 2:17-CV-655-MHT |
|---|---|
| Name (under which you were convicted): Devonte Jashaw Cobb | Docket or Case No.: CC-15-269 |
| Place of Confinement: Bullock Corr. Fac. P.O. Box 5107, Union Springs, AL 36089 | Prisoner No.: 301517 |
| Petitioner (include the name under which you were convicted) Devonte Jashaw Cobb | Respondent (authorized person having custody of petitioner) v. State of Alabama et.al |

The Attorney General of the State of

PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Montgomery County Circuit Court (AL)
    P.O. Box 1667; Montgomery, AL 36102

    (b) Criminal docket or case number (if you know): CC-2015-269

2.  (a) Date of the judgment of conviction (if you know): 8-25-2015

    (b) Date of sentencing: 9-11-2015

3.  Length of sentence: 21-Years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case: N/A

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

"770 SO. 2D 1084"

AO 241
(Rev 12/04)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Alabama Court of Criminal Appeals

(b) Docket or case number (if you know): CR-15-0015; CC-15-269

(c) Result: Affirmed By Memorandum

(d) Date of result (if you know): 12-9-2016

(e) Citation to the case (if you know): Dressler v. State, 770 So.2d 115
Fletcher v. State, 291 So.2d 67, 222 So.2d 882

(f) Grounds raised:

1) Sufficiency of Evidence 2) Improper Argument at Voir Dire 3) Failure To Give Requested Instruction 4) Trial Court Abused Its Discretion When It Denied the Appellant's Request For A Specific Jury Instructions For Flight And Any Hypothetical Possibility.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court: **N/A**

(2) Docket or case number (if you know): **N/A**

(3) Result: **N/A**

(4) Date of result (if you know): **N/A**

AO 241
(Rev. 12/04)

    (5) Citation to the case (if you know): _N I A_

    (6) Grounds raised: _N I A_

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know): _N I A_

    (2) Result: _N I A_

    (3) Date of result (if you know): _N I A_

    (4) Citation to the case (if you know): _N I A_

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes   ☒ No

11.    If your answer to Question 10 was "Yes," give the following information:

    (a)    (1) Name of court: _N I A_

           (2) Docket or case number (if you know): _N I A_

           (3) Date of filing (if you know): _N I A_

           (4) Nature of the proceeding: _N I A_

           (5) Grounds raised: _N I A_

           (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

           ☐ Yes   ☐ No   _N I A_

           (7) Result: _N I A_

           (8) Date of result (if you know): _N I A_

% AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: *N/A*

    (2) Docket or case number (if you know): *N/A*

    (3) Date of filing (if you know): *N/A*

    (4) Nature of the proceeding: *N/A*

    (5) Grounds raised: *N/A*

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☐ No  *N/A*

    (7) Result: *N/A*

    (8) Date of result (if you know): *N/A*

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: *N/A*

    (2) Docket or case number (if you know): *N/A*

    (3) Date of filing (if you know): *N/A*

    (4) Nature of the proceeding: *N/A*

    (5) Grounds raised: *N/A*

AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No **N/A**

(7) Result: **N/A**

(8) Date of result (if you know): **N/A**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☐ Yes ☐ No **N/A**

(2) Second petition: ☐ Yes ☐ No **N/A**

(3) Third petition: ☐ Yes ☐ No **N/A**

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Received letter from Appeal Attorney, stating: " My representation was limited to the filing of the appeal, therefore this concluded my representation...." dated 1-12-2017

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Trial Court Improperly Denied Petitioner's Motion For Judgment of Acquittal; Thus Denying Right To Fair Trial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Alleged crime occurred 11-24-2014, Petitioner suffered a gunshot to his arm after an altercation with a Jermaine Davis (Montgomery AL). Petitioner informed officers during its investigation that Davis had shot him while Davis attempted to him. The police believed petitioner and later informed petitioner that Davis had been detained and were in custody. After Detective Delaney — on that very day, interviewed petitioner concerning the shooting — Detective Delaney released Davis as the primary suspect — and turned petitioner into the suspect and charged petitioner with it

(b) If you did not exhaust your state remedies on Ground One, explain why: No Writ of Cert. filed. Appellate Counsel Appointed - Representation - Per Counsel's Letter (1-12-2017) - Was limited Only To The Direct Appeal; Writ of Cert...discretionary review

§ AO 241
(Rev. 12/04)

Page 7

(c)  Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No  N/A

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No  N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No  N/A

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

AO 241
(Rev. 10/04)

Page 6

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: None

GROUND TWO: Petitioner Was Denied His Right To A Fair Trial And Due Process of LAW - Because The Prosecutor Proceeded Beyond The Scope of The Voir Dire Examination.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During Petitioner's trial, the State impermissibly exceeded the scope of voir dire by offering a hypothetical to the Venire: ( for example): " There's [sic] a room with two people in it. No cameras and nobody else. Person A and Person B, the only two people in that room. Person A robs Person B. You're put on the jury and the only evidence is Person saying [sic] [P]erson A robbed me. There's no video. There's no fingerprints. There's no science. All it is is [sic] one person saying that guy robbed me. Now [sic], think about it. Is [sic] there anybody who would [sic] refuse to convict based solely on that evidence? "

(b) If you did not exhaust your state remedies on Ground Two, explain why: Same As Ground # 1 (id)

[ e.g., Lawyer Abandonment - Only Filed Direct Appeal]

(c)     Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:     N/A

(d)     Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:     N/A

Type of motion or petition:     N/A

Name and location of the court where the motion or petition was filed:     N/A

Docket or case number (if you know):

Date of the court's decision:

AO 241
Rev. 12/04)

Page 8

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☐ No  N I A

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes   ☐ No  N I A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No  N I A

(6) If your answer to Question (d)(4) is "Yes," state:  N I A

Name and location of the court where the appeal was filed:  N I A

Docket or case number (if you know):  N I A

Date of the court's decision:  N I A

Result (attach a copy of the court's opinion or order, if available):  N I A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  N I A

(e)   Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two  See Also reasons set forth
And previously noted in GROUND # 1 (id)

GROUND THREE: Petitioner Was Denied Right To Fair Trial And Due Process of
Law — Because Court Limited Cross-Examination of the Case Agent.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During trial the
prosecutor objected to petitioner's cross-examination of
the case agent — Delaney. Delaney coordinated the investigation
and was the one person who interviewed each witness and the
Petitioner. It was crucial to the petitioner to be able to show bias and
other motives of the case agent, the very person who single-
handedly decided to charge petitioner with the alleged robbery of Davis —
even after petitioner told Delaney that Davis tried to rob him...while a police existed

AO 241
(Rev. 1/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why? _See Previous reasons (At it)_

(c) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) Post-Conviction Proceedings: N/A

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state: N/A

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No N/A

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No N/A

(6) If your answer to Question (d)(4) is "Yes," state: N/A

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

AO 241
Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:   NONE

GROUND FOUR:   N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):   N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:   N/A

(c)     Direct Appeal of Ground Four:   N/A
        (1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes    ☐ No   N/A
        (2) If you did not raise this issue in your direct appeal, explain why:   N/A

(d)     Post-Conviction Proceedings:   N/A
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
            ☐ Yes    ☐ No
        (2) If your answer to Question (d)(1) is "Yes," state:   N/A
        Type of motion or petition:   N/A

%AO 241
Rev (2-4)

Page 2

Name and location of the court where the motion or petition was filed: N / A

Docket or case number (if you know): N / A

Date of the court's decision: N / A

Result (attach a copy of the court's opinion or order, if available): N / A

(3) Did you receive a hearing on your motion or petition?          □ Yes     □ No   N/A

(4) Did you appeal from the denial of your motion or petition?      □ Yes     □ No   N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   □ Yes   □ No   N/A

(6) If your answer to Question (d)(4) is "Yes," state: N / A

Name and location of the court where the appeal was filed: N / A

Docket or case number (if you know): N / A

Date of the court's decision: N / A

Result (attach a copy of the court's opinion or order, if available): N / A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N / A

(e)    Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N / A

AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
           having jurisdiction?    ☒ Yes    ☐ No

           If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
           presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,
           ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
       that you challenge in this petition?    ☐ Yes    ☒ No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
       raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
       of any court opinion or order, if available.    N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
       the judgment you are challenging?    ☐ Yes    ☒ No

       If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
       raised.    N/A

AO 241
Rev 12/04

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Hon. Aylia MCKEE, of Montgomery (AL)

(b) At arraignment and plea:

(c) At trial: (Hon.) Mr. Davis and Mr. Wallace (Public Defenders)

(d) At sentencing:    "              "              "              "

(e) On appeal: Hon. Fernando Morgan, of Morgan Law Firm. Montgomery, AL 36124

(f) In any post-conviction proceeding:    N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:    N/A

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:   N/A

(b) Give the date the other sentence was imposed:   N/A

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No   N/A

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*   N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

AO 241
(Rev. 12/04)

Page 16

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Whatever this Court deem reasonable and appropriate — perferrably, grant habeus relief and order the release of petitioner As law requires

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **9/25/2017** (month, date, year).

Executed (signed) on **9/ /2017** (date).

/s/ Devont Cobb
Devonte Cobb # 301517
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Address of Petitioner: Bullock Correctional Facility
P.O. BOX 5107
Union Springs, AL 36089

IN FORMA PAUPERIS DECLARATION

[insert appropriate court]

* * * * *

Contin.'ed

Continuation of Ground #1 at id (Supporting Facts):

— The petitioner was shot by the alleged victim, Davis. For the first day after the incident, authorities treated Davis as the suspect and the petitioner as the victim. After the appearence of a witness a day later. — A witness of the state who was, during trial, ruled "hostle" — the victmin became the suspect and the suspect Davis became the victmim. During trial Davis, the alleged victmim offered basically self-serving testimonies, and offered inconsistent account of the event in question. Davis, so-called witness, Mr. Savage — did not give an accurate nor credable account of the event of the day of the shooting. His, Davis' in-court testimony was inconsistance to his written statement. In fact, Mr. Savage, explicitly informed the prosecution, in court — that he did not want to be [—+] here and wanted no part of the trial proceeding. Savage was a close friend of Davis; Savage was not present when the police arrived at the scene of the crime; he did not personally call police to inform them of whatever he may have witness on the day of the shooting and he did not provide a written statement the day of the incident... but only on the following day. No weapon was ever found near or on the petitioner, there was no evidence that the petitioner had a weapon beyond

pg. 2 of 2

the self-serving testimony of Davis and his
long-time friend, hostle witness — Savage. Even
construing the evidence in favor of the State, the
State failed to make a prima facia case for
Robbery in the First Degree ( resulting in petitioner
receiving a 21-year sentence) .... Petitioner is not
only actual innocence, but also under the doctrine,
he is legally and/or factually innocence. The
trial court should have granted the petitioner's
Motion for Judgment of Acquittal



Devonte Cobb #301517
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089

UNITED CLERK OF THE COURT
STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
P O BOX 711
MONTGOMERY AL 36102-0711

LEGAL