IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVONTE JASHAWN COBB, # 301517,  )<br>  )<br>  Petitioner,  )<br>  )  CIVIL ACTION NO.<br>v.  )  2:17-CV-655-ECM-SMD<br>  )  [WO]<br>DERRICK CARTER, *et al.*,  )<br>  )<br>  Respondents.  ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Alabama inmate Devonte Jashawn Cobb's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] After careful review, the court finds Cobb's petition should be denied.

## I.   BACKGROUND

In August 2015, a Montgomery County jury found Cobb guilty of first-degree robbery, in violation of § 13A-6-8(a)(1), Ala. Code 1975. The State's evidence showed that Cobb attempted to rob Jermaine Davis, approaching Davis from behind, pulling a pistol on him, and telling him to "give it up, fuckboy." Cobb reached for a pistol in Davis's waistband, putting Davis in such fear for his life that he pulled his own gun and shot and wounded Cobb. The defense sought to portray Davis as the aggressor in the incident.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

However, the jury found that Cobb attempted to rob Davis. On September 11, 2015, the trial court sentenced Cobb to 21 years in prison.

Cobb appealed, arguing that (1) the trial court erred in denying his motion for a judgment of acquittal; (2) the trial court abused its discretion by allowing the prosecutor to bias the jury by providing information to prospective jurors during voir dire under the guise of hypothetical questions intended to qualify the jurors; (3) the trial court abused its discretion when it sustained the prosecutor's objection to defense counsel's cross-examination of case agent Detective C.N. Delaney; and (4) the trial court erred in its jury charge when it refused two of Cobb's requested jury instructions.

On December 9, 2016, the Alabama Court of Criminal Appeals affirmed Cobb's conviction and sentence by memorandum opinion. Doc. 8-7. Cobb applied for rehearing, which the Alabama Court of Criminal Appeals overruled on April 21, 2017. Docs. 8-8, 8-9. Cobb did not file a petition for writ of certiorari with the Alabama Supreme Court. The Alabama Court of Criminal Appeals entered a certificate of judgment on May 10, 2017. Doc. 8-10.

There is no record of Cobb filing a petition in the trial court seeking post-conviction review under Rule 32 of the Alabama Rules of Criminal Procedure, and Cobb does not allege the existence of any such proceeding.

On September 25, 2017, Cobb initiated this habeas action by filing a § 2254 petition[2] repeating his claims that (1) the trial court erred in denying his motion for a judgment of acquittal; (2) the trial court abused its discretion by allowing the prosecutor to bias the jury by providing information to prospective jurors during voir dire under the guise of hypothetical questions intended to qualify the jurors; and (3) the trial court abused its discretion when it sustained the prosecutor's objection to defense counsel's cross-examination of case agent Det. Delaney. Doc. 1 at 5–9.

Respondents maintain that Cobb's claims are unexhausted and procedurally defaulted and that even if his claims are not defaulted, they entitle him to no federal habeas relief. *See* Doc. 8.

## II. DISCUSSION

### A. Procedural Default

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete

---

[2] Although the petition was date-stamped as received in this court on September 29, 2017, Cobb represents that he delivered the petition to prison officials for mailing on September 25, 2017. Under the prison mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

**B.     Cobb's Claims Are Procedurally Defaulted.**

A review of the record confirms Respondents' contention that Cobb failed to exhaust his habeas claims through one complete round of state court appellate review. *See* Doc. 8 at 3–13. Specifically, after raising his claims on direct appeal, Cobb did not file a petition for writ of certiorari with the Alabama Supreme Court after the Alabama Court of

Criminal Appeals affirmed his conviction and sentence. Respondents correctly observe that Cobb may no longer return to the state courts to exhaust his claims because the time for him to seek state certiorari review has long since passed, and he has no other available remedies. *See* Ala.R.App.P. 39(c)(2) (petition for writ of certiorari must be filed with the Alabama Supreme Court within 14 days after the decision of the Alabama Court of Criminal Appeals on the appellant's application for rehearing). Thus, the exhaustion and preclusion rules coalesce into the procedural default of Cobb's claims. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

## C. Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).

Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim that was not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray,* 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327.

### 1. *Cause and Prejudice*

Cobb appears to assert the alleged ineffective assistance of his appellate counsel, for failing to seek certiorari review with the Alabama Supreme Court on direct review, as "cause" excusing the procedural default of his habeas claims. *See* Doc. 1 at 5, 7, 9; Doc. 12 at 3. However, Cobb never raised a claim of ineffective assistance of appellate counsel founded on this premise in the state courts. Consequently, he is foreclosed from using the alleged ineffective assistance of his appellate counsel as a basis for cause to excuse the procedural default of his claims. *See Edwards v. Carpenter,* 529 U.S. 446, 451–52 (2000); *Henderson,* 353 F.3d at 896-97 (11th Cir. 2003).

The narrow exception created by *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), does not apply to establish "cause" for the default of any claim asserted by Cobb. In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez,* 562 U.S. at 17. Cobb filed no Alabama Rule 32 petition. The *Martinez* analysis is inapplicable where a criminal defendant, like Cobb, initiates no state collateral-review proceeding whatsoever. *See*

6

*Gonzalez v. Decatur, Alabama,* 2019 WL 4509845, at *4–5 (N.D. Ala. July 8, 2019) (citing *Jones v. Penn. Bd. of Prob. & Parole*, 492 F. App'x. 242, 246–47 (3d Cir. 2012)). Moreover, Cobb alleges ineffective assistance by his appellate counsel, not his trial counsel. The *Martinez* rule does not extend to claims of ineffective assistance of appellate counsel.

Furthermore, Cobb had no constitutional right to the effective assistance of counsel in the filing of a petition for writ of certiorari with the Alabama Supreme Court. A defendant is not entitled to counsel, or effective assistance of counsel, during a discretionary state court appeal. *Ross v. Moffitt*, 417 U.S. 600, 609 (1974). Because there is no constitutional right to counsel to pursue discretionary review after an appeal of right, Cobb can have no ineffective-assistance-of-counsel claim for his appellate attorney's failure to seek certiorari review with the Alabama Supreme Court. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since [the defendant] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel" for his attorney's failure timely to file an application for discretionary review after completion of the first appeal).

Because Cobb fails to establish cause excusing his procedural default, his claims are foreclosed from federal habeas review.

### 2. *Actual Innocence*

A colorable claim of actual innocence may also provide a gateway to review of an otherwise procedurally barred claim. *See House v. Bell*, 547 U.S. 518, 538 (2006); *Frady*, 456 U.S. at 167–68. "'[A]ctual innocence' means factual innocence, not mere legal

insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538. The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Cobb makes only a perfunctory claim of his actual innocence, by which he points to no new reliable evidence of his factual innocence. *See* Doc. 12 at 2. At best, his claim of innocence amounts to rearguing and reinterpretation of the trial evidence, which he asserts did not support his conviction. *Id*. Allegations regarding the sufficiency of and/or weight afforded the trial evidence do not constitute "new reliable evidence" of a petitioner's actual innocence. *See Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012). Because, Cobb points to no new reliable evidence to support his claim of actual innocence, the actual-innocence exception provides no gateway to review of his procedurally defaulted claims.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED without an evidentiary hearing and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before June 26, 2020**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of June, 2020.

    /s/  Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE